UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00010-JAW |
| | ) | |
| ANDY QUINN GOODALL | ) | |

**ORDER ON MOTION FOR RESENTENCING**

The Court denies a defendant's motion for resentencing, concluding that *United States v. Haymond*, 139 S. Ct. 2369 (2019), does not affect the constitutionality and effectiveness of the first sentence of 18 U.S.C. § 3583(k), which authorizes the imposition of a lifetime of supervised release for persons convicted of sexual exploitation of children and similar crimes.

**I.  BACKGROUND**

On January 29, 2016, Andy Quinn Goodall waived indictment and pleaded guilty to engaging in the sexual exploitation of children in violation of 18 U.S.C. § 2251(a). *Waiver of Indictment* (ECF No. 23); *Information* (ECF No. 24); *Min. Entry* (ECF No. 30). On September 29, 2016, the Court sentenced Mr. Goodall to 250 months of incarceration, no fine, supervised release for life, and a $100.00 special assessment. *J.* (ECF No. 44). Mr. Goodall appealed neither the conviction nor the sentence.

Citing *Haymond*, on October 16, 2019, Mr. Goodall filed a motion for resentencing, challenging only the length of his supervised release. *Mot. for Resentencing Under 18 U.S.C. § 3583(e), Because Prior Sentencing Under 18 U.S.C. §*

*3583(k) Is Now Unconstitutional, in Light of United States v. Haymond (2019)* (ECF No. 49). Mr. Goodall argues that the *Haymond* Court ruled unconstitutional the provisions of 18 U.S.C. § 3583(k) which allow the sentencing court to impose a term of supervised release for offenses involving a minor victim of at least five years and up to life. The Government responded on December 4, 2019, arguing that the *Haymond* Court did not abrogate the five year to life supervised release provision of § 3583(k). *Gov't's Resp. to Def.'s Mot. for Resentencing Under 18 U.S.C. § 3583(e)* (ECF No. 52). Mr. Goodall did not file a reply.

## II. DISCUSSION

The first sentence of § 3583(k) provides in pertinent part, "[n]otwithstanding subsection (b), the authorized term of supervised release for any offense under . . . section . . . 2251 . . . is any term of years not less than 5, or life." In *Haymond*, the United States Supreme Court addressed the constitutionality of the last two sentences of subsection (k), which read:

> If a defendant required to register under the Sex Offender Registration and Notification Act (SORNA) commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term of longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

18 U.S.C. § 3583(k). The Supreme Court concluded in a plurality opinion that these last two sentences of § 3583(k) were unconstitutional because they "compelled a federal judge to send a man to prison for a minimum of five years without empaneling a jury of his peers or requiring the government to prove his guilty beyond a reasonable

doubt." *Haymond*, 129 S. Ct. at 2373. The Supreme Court did not address the other provision of § 3583(k). *Id.* at 2382 n.7, 2384-85; *United States v. Moss*, No. 19-10443, 2019 WL 6699748, at *1, 2019 U.S. App. LEXIS 36306, at *2 (5th Cir. Dec. 6, 2019).

There is no suggestion that the first sentence of § 3583(k), which provides the statutory authority for the imposition of a lifetime of supervised release, suffers from the same constitutional deficiencies that caused the Supreme Court to issue *Haymond*. In *Jividen v. Streeval*, Civil No. 19-060-HRW, 2019 WL 3976509, at *4, 2019 U.S. Dist. LEXIS 142832, at *10-12 (E.D. Ky. Aug. 22, 2019) and *Harmon v. True*, No. 19-cv-00461-SMY, 2019 WL 6615422, at *2, 2019 U.S. Dist. LEXIS 209914, at *4-5 (S.D. Ill. Dec. 5, 2019), the only two district courts to address the same argument Mr. Goodall is presenting here rejected it. "[T]he provisions declared unconstitutional are not implicated in [Mr. Goodall's] case, 'as his claim involves the first sentence of § 3583(k) addressing the initial imposition of a term of supervised release.'" *Harmon*, 2019 U.S. Dist. LEXIS 209914, at *5 (quoting *Jividen*, 2019 U.S. Dist. LEXIS 14832, at *11).

### III. CONCLUSION

The Court DENIES Andy Quinn Goodall's Motion for Resentencing (ECF No. 49).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2019